# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| AJANINEA T. PATTERSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:16-CV-270-TLS |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant Commissioner of Social Security's Motion to Dismiss [ECF No. 8], filed on November 17, 2016. Plaintiff Ajaninea T. Patterson filed a pro se Complaint [ECF No. 1] on July 12, 2016. The Defendant moved to dismiss pursuant to Rule 12(b)(6), asserting that the Complaint fails to state a claim upon which relief can be granted. The Plaintiff responded to the Defendant's Motion on May 18, 2017. [ECF No. 12]. Having reviewed the parties' submissions, the Court grants the Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves the Plaintiff's claim for social security benefits. The relevant background is taken from the Defendant's Declaration [ECF No. 8-1], attached to its Motion to Dismiss:

> On February 6, 2015, an Administrative Law Judge issued a decision denying the [P]laintiff's claim for benefits under Titles II and XVI [of the Social Security Act], and mailed a copy thereof to the [P]laintiff. Thereafter, the [P]laintiff requested review of this decision. On April 4, 2016, the Appeals Council sent, by mail addressed to the [P]laintiff at 2917 Euclid St., Fort Wayne, IN 46806, with a copy to the representative, notice of its action on the [P]laintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt.

(Chung Decl. ¶ (3)(a), ECF No. 8-1.) The Plaintiff filed this Complaint in the Northern District of Indiana on July 12, 2016, asking this Court to "reverse the decision of the Commissioner and order the Commissioner to pay benefits, the costs of this action, and other relief." (Compl. ¶ 2, ECF No. 1.)[1]

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Paragraph 2 of the Complaint form states "2. The Commissioner's decision to deny the [P]laintiff's application was erroneous and not supported by substantial evidence in the administrative record because:" (Compl. ¶ 2.) However, the Plaintiff has left the space after "because:" blank.

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly* at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. Determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Id.* at 679.

Plaintiffs can also plead themselves out of court if the allegations clearly establish all the elements of an affirmative defense, including the defense that the action was filed after the statute of limitations period expired. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing exception to the rule that complaints do not have to anticipate affirmative defenses to survive a motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate a statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

**ANALYSIS**

The Defendant moves to dismiss the Complaint for failure to state a claim on the grounds that the Plaintiff's civil action was untimely filed. The Plaintiff does not respond to the Defendant's contentions. (*See* Pl.'s Reply 1, ECF No. 12.)

The Social Security Act establishes a remedial structure for persons alleging disability and entitlement to benefits. The Appeals Council's decision to deny an individual's request for review of the ALJ's decision is a final decision of the Commissioner, 20 C.F.R. § 404.981, and subject to judicial review under 42 U.S.C. § 405(g). An individual must commence a civil action "within sixty days after the mailing to him of notice of [the Commissioner's final] decision." 42 U.S.C. § 405(g). The sixty day time period begins when the person receives the notice. 20 C.F.R. §§ 404.981, 422.210(c). The date of receipt is presumed to be five days after the date on the notice. *Id.* §§ 404.901, 422.210(c). A person can overcome the five day presumption by a reasonable showing that the notice was received on a different date. *Id.* §§ 404.901, 422.210(c).

The sixty day time period is a statute of limitations. *Loyd v. Sullivan*, 882 F.2d 218, 219 (7th Cir. 1989) (citing *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986)). "[I]t is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479. With a showing of good cause, an individual can request an extension of time to file the civil action from the Appeals Council. *See* 20 C.F.R. §§ 404.911 (listing the factors the Appeals Council utilizes to evaluate whether good cause for missing a filing deadline exists and examples of circumstances that may create good cause), 404.982 (noting that the standards explained in § 404.911 will be used to determine whether good cause has been shown for missing a deadline for filing an action in Federal district court); *Bowen*, 476 U.S. at 480 ("Congress has authorized the [Commissioner] to toll the 60-day limit").

Here, the Defendant's Declaration establishes that the Plaintiff filed his Complaint after the 60-day limit had expired:

> On February 6, 2015, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits. Plaintiff requested review, and on April 4, 2016, the Appeals Council sent a notice of its decision and Plaintiff's right to commence a civil action within 60 days from the date of receipt.

(Mot. Dismiss 3, ECF No. 8 (citing Chung Decl.).) Presuming a date of receipt of five days from the date on the notice, the Plaintiff received the mailing on April 9, 2016. For the Plaintiff's civil action to be timely, he was required to file on or before June 8, 2016. The Complaint in this case was filed on July 12, 2016, over a month later. There is no evidence that the Plaintiff requested an extension of time to file the civil action from the Appeals Council, nor has the Plaintiff attempted to demonstrate good cause for his delay in filing this lawsuit. Accordingly, the Plaintiff's Complaint is barred by the sixty-day limitation under § 405(g).

In addition, the Complaint is devoid of any factual allegations. Accordingly, the Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a) is a separate grounds for dismissal of this civil action. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.")

## CONCLUSION

For the reasons stated above, Defendant Commissioner of Social Security's Motion to Dismiss [ECF No. 8] is GRANTED. The Complaint [ECF No. 1] is DISMISSED.

SO ORDERED on June 7, 2017.

                                                  s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT